| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Hank Moon<br>Special Agent: Steven Allick | Telephone: (313) 226-9100<br>Telephone: (313) 202-3400 | |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
   v.
Devin Kavon Johnson

Case: 2:22−mj−30319
Assigned To : Unassigned
Assign. Date : 7/28/2022
CMP: SEALED MATTER (MAW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 24, 2022__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Steven J. Allick, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __July 28, 2022__

_Judge's signature_

City and state: __Detroit, Michigan__

Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A COMPLAINT AND ARREST WARRANT

I, Steven J. Allick, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since May of 2014. I am currently assigned to the Detroit Field Division. I completed 26 weeks of training, comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2. During my employment with ATF, I have participated in numerous investigations of criminal violations relating to firearms, violent crime, and narcotics. I have participated in various aspects of criminal investigations, including interviews, physical surveillance, and obtaining and executing search warrants. I am familiar with and have employed various investigative methods,

including electronic surveillance, visual surveillance, search warrants, and using confidential informants.

3. The facts in this affidavit come from my personal observations, interviews conducted by other law enforcement agents, my review of relevant police reports and information from others who have personal knowledge of the events and circumstances described herein, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Devin Kavon JOHNSON (DOB: XX/XX/2000), a convicted felon and knowing that he was a convicted felon, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

## II. PROBABLE CAUSE

5. On July 18, 2022, around 11:30 p.m., Southfield police officers responded to a shots-fired call: an anonymous caller reported hearing yelling followed by approximately 10 gunshots. While on scene, officers saw a white car, possibly a Chevy Impala, driving slowly around the scene. A second set of officers arrived on scene and saw the same white car—they attempted to investigate. They noted that the white car had a temporary tag out of Florida but were unable to read the plate numbers at the time. Officers attempted to stop the vehicle, but it

accelerated away from the officers at a high rate of speed. Officers activated their lights and sirens, but the vehicle continued to flee in excess of 80 MPH. Officers lost sight of the vehicle and ended their pursuit. While reviewing dash camera footage of the pursuit, officers identified the Florida temporary license plate number on the white vehicle as DEK2216. Based on further research, officers learned that the vehicle was a white Chevy Caprice registered to Devin Kavon JOHNSON, residing at 1XXXX Lee Street in Southfield, Michigan. Officers entered the vehicle in law enforcement databases as a felony fleeing and eluding and placed a BOLO—"be on the lookout"—on it.

6. Five days later, on July 23, 2022, around 8:22 p.m., an individual whose identity is known to law enforcement (Witness 1) placed a 911 call stating that a man had just pointed a gun at him. Witness 1 and his passenger were driving on M-10 when they saw a white Chevy Caprice driving recklessly. Both vehicles merged onto I-94 westbound. Witness 1 saw the driver of the white Chevy Caprice point a black handgun at another vehicle. The driver then pointed the same gun at the car that Witness 1 and his passenger were in, before driving away at a high rate of speed. Witness 1 provided a description of the suspect as well as the license plate on the white Chevy Caprice: Florida temporary plate DEK2216. Witness 1 later provided a short video of the incident, which confirms that the vehicle involved was the same white Chevy Caprice as in the July 18, 2022 incident.

3

7. Approximately 30 minutes later, on July 23, 2022 (around 8:50 p.m.), Taylor Police Department officers were driving through a Home Depot Parking lot when they came upon the white Chevy Caprice with Florida tag DEK2216. This was approximately 30 minutes after the incident described in paragraph 6, and the locations were approximately 15 miles apart. Officers checked law enforcement databases and saw the felony fleeing and eluding tied to the car and that it was wanted by Southfield Police Department. Officers followed the car but did not want to conduct a traffic stop in the parking lot due to the large number of people around. Officers followed the white Caprice, which stopped at a stop sign before accelerating in an attempt to flee. Officers activated their lights and sirens to the stop the car; but rather than stopping, the white Caprice nearly stuck a vehicle and person before exiting the parking lot. Officers pursued the car, which quickly accelerated to high rates of speed. The driver of the white Caprice was driving extremely aggressively and fast, making dangerous lane changes and cutting off other vehicles. Officers terminated their pursuit for public safety reasons.

8. Based on all of this information, law enforcement conducted surveillance on JOHNSON's residence, 1XXXX Lee Street, Southfield, MI, on July 24, 2022. Officers saw the white Chevy Caprice parked within a few car lengths of JOHNSON's residence.

9. That same day, July 24, 2022, Michigan State Police executed a search warrant at 1XXXX Lee Street, Southfield, MI—JOHNSON's residence. When officers went into the house, they saw JOHNSON run from the living room area to a bedroom: officers arrested JOHNSON. Inside that same bedroom, officers found (1) a black backpack that was located under the futon; and (2) a silver, .40 caliber shell casing on the left side of the couch/futon. Inside the backpack officers found a black, FN, model FNP-40, .40 caliber pistol, serial number 61CMN04427. The firearm was loaded with one round in the chamber and five rounds in the magazine.

10. ATF Interstate Nexus Expert Special Agent Michael Jacobs was provided a verbal description of the black FN pistol that was recovered on July 24, 2022. Based on the description provided, SA Jacobs advised that the firearm was manufactured outside of the state of Michigan and had therefore traveled in and affected interstate or foreign commerce.

11. I reviewed law enforcement records and records from the Michigan Department of Corrections on JOHNSON, which show that JOHNSON has the following felony convictions:

- 2020: Attempt-Felony Weapons-Receiving and Concealing; and
- 2020: Felony Police Officer-Fleeing-Fourth Degree.

12. It appears that JOHNSON was sentenced to probation in these cases, with 180 days in jail (120 suspended). In addition to being convicted of these two felony offenses, on the felony weapons conviction JOHNSON was explicitly told that he may not "own, use, or have under [his] control or area of control a weapon of any type." Therefore, there is probable cause to believe that JOHNSON knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and could not lawfully possess a firearm.

### III.   CONCLUSION

13. There is probable cause to believe that JOHNSON violated 18 U.S.C. § 922(g)(1) by being a convicted felon in possession of a firearm. This violation occurred in the Eastern District of Michigan.

Respectfully submitted,

Steven J. Allick, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

Dated:  July 28, 2022